FLOWER *vs.* O'CONNOR.

An affidavit for a continuance, need not state that the testimony wanted could not have been discovered by proper diligence before the trial.

APPEAL from the court of the third district, the judge of the second presiding.

MARTIN, J. delivered the opinion of the court. The object of this suit, was to make the defendant liable to the payment of a debt of her deceased son, on the ground of her having accepted his succession.

She obtained a verdict, and a new trial was ordered on an affidavit, that the plaintiff made, since the trial, that one Gaibesh could prove, that the defendant, since the death of her late husband, had expressed much satisfaction of the manner in which Colt, her attorney, had managed the affairs of her son's estate. That she took possession of, and intermeddled with, the property of the estate, and still retains a great part of it. The affidavit has an averment, that due diligence

was used to obtain the necessary evidence, and that the affidavit is not made, &c.

The continuance was denied, on the ground that the plaintiff did not suppose the testimony of Guibert very material, as he had been summoned, and did not appear, whereon an attachment issued, and it was returned, that Guibert was sick, whereon the plaintiff did not pray for a continuance. The judge further thought the continuance could not be granted, as there was no averment that the testimony could not have been procured before trial, by proper diligence.

It appears to us the affidavit was sufficient, unless its effect was diminished by some extraneous circumstance. The fact expected to be proven, was important to destroy the effect of the defendant's plea of coverture The affidavit stated the evidence had been discovered *since* the trial. It is true there was no evidence that it could not, by the exertion of proper diligence, have been discovered before, but the affidavit is in the words of the Code of Practice art. 561.

Guibert might have been subpœnaed, to testify on other material points, which the plaintiff may have been able to establish by

Eastern District.
*February*, 1830.

FLOWER
*vs.*
O'CONNOR.

other witnesses, and nothing authorises us to disbelieve the oath of the plaintiff, that he had discovered, *since the trial*, the evidence he states.

Lastly, an objection is made in this court, which was not thought of below. The motion for the new trial was made on the 9th of December. The jurat of the affidavit, is dated on the 11th, and the argument of the motion was had on the 20th.

This might have entitled the defendant to demand the rescission of the order, granting the rule to show cause. He did not do so, but chose to have the motion argued on its merits. In doing so, we think he waved the objection.

Applications for a new trial, on behalf of the plaintiff, are generally viewed with a less jealous eye, than those in behalf of the defendant, whose principal object is often to delay the payment of a debt. The plaintiff not having the same interest, is more easily believed to seek a fair decision on his demand.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled, the verdict set aside, and the case remanded for a

new trial, the appellee paying costs in this court.

Eastern District.
*February*, 1830.

FLOWER
*vs.*
O'CONNOR.

*Watts* for the plaintiff, *Workman* for the defendant.